## ARIS ISOTONER INC., Plaintiff–Appellee,

v.

## BERKSHIRE FASHIONS, INC., Defendant–Appellant.

### No. 288, Docket 90–7394.

United States Court of Appeals, Second Circuit.

Argued Oct. 29, 1990.

Decided Jan. 28, 1991.

James B. Swire, New York City (Townley & Updike, of counsel), for plaintiff-appellee.

Marvin E. Frankel, New York City (Kramer, Levin, Nessen, Kamin & Frankel; Brumbaugh, Graves, Donohue & Raymond, of counsel), for defendant-appellant.

Before NEWMAN and PRATT, Circuit Judges, and GRIESA, District Judge for the Southern District of New York, sitting by designation.

PER CURIAM:

This appeal arises from proceedings in the District Court by Aris Isotoner Inc. to protect a trademarked glove design (the so-called "Double V" design). The first stage of the litigation ended with a consent judgment entered by the late Judge Weinfeld on October 29, 1985, under which Berkshire was prohibited from marketing a glove bearing the "Double Diagonal" design and "any other device confusingly similar" to Aris's Double V glove. In June 1989 Aris brought a motion to hold Berkshire in contempt of the 1985 judgment for marketing a glove bearing the so-called "Double Diamond" design. The motion was assigned to Judge Kenneth Conboy, who referred the matter for hearing and recommendation to Magistrate Naomi Reice Buchwald. A hearing was held, and on January 26, 1990 the Magistrate filed her report, in which she concluded that Berkshire had violated the 1985 judgment and should be enjoined from further marketing of the Double Diamond glove. Additional proceedings were to be held on the issue of damages. An award of attorneys' fees and disbursements to Aris was recommended. On April 4, 1990 Judge Conboy entered an order accepting the Magistrate's report in its entirety.

Berkshire appeals, claiming that the District Court erred in rejecting the defense of laches, and further erred in holding that the Double Diamond glove violated the consent judgment.

We remand for further consideration of the laches defense. We are making no

ruling at the present juncture regarding the merits.

The issue of laches arises because Berkshire notified Aris by letter dated December 22, 1986 that it intended to market the Double Diamond glove. Berkshire enclosed a picture of the glove and stated that the new design would be "used by Berkshire on its gloves in the coming winter season for 1987/88." Production would be made "commencing on or about January 1, 1987." Berkshire stated its opinion that its new glove would not infringe the Double V design and asked to be informed if Aris had any questions. Aris replied by letter dated December 31, 1986 that it could not be in the position of reviewing Berkshire's designs for conformity with the consent judgment, but that it seemed obvious that the Berkshire design did not comply with that judgment. Berkshire promptly filed a motion before Judge Weinfeld seeking a declaration that its Double Diamond glove would not violate the judgment. Aris opposed the application on the ground that it was premature to adjudicate the issue, stating that "the glove is months away from being placed in the marketplace in this country." Alternatively, Aris argued that the proposed glove was not in conformity with the judgment. On February 17, 1987 Judge Weinfeld denied Berkshire's application, stating that he would not render an advisory opinion.

Berkshire thereafter proceeded with the production and marketing of the Double Diamond gloves. Sales in 1987 and 1988 were limited. In 1989 Berkshire went into full scale marketing.

Prior to Aris's making its contempt motion in June 1989, Berkshire had sold about 1,000,000 pairs of Double Diamond gloves for a total of $4,300,000. About 2,500,000 additional pairs were on order representing potential sales of about $12 million.

Magistrate Buchwald held that Berkshire could not rely upon the defense of laches since it was on notice from the outset of Aris's objection to its conduct, citing *EEOC v. Local 638*, 753 F.2d 1172, 1179 (2d Cir. 1985), *aff'd*, 478 U.S. 421, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986). The Magistrate accepted the affidavit of Aris's president that it was in early 1989 that he first became aware of Berkshire's marketing of the Double Diamond gloves, and further found that this was the only evidence in the record as to his company's state of knowledge. This finding was made in spite of earlier findings about Berkshire's December 1986 notice to Aris followed by the application to Judge Weinfeld. The Magistrate viewed it as significant that after Judge Weinfeld's ruling Berkshire did not advise Aris that Berkshire intended to proceed with production of the new glove.

On appeal, Berkshire strenuously objects to the Magistrate's handling of the laches issue. Berkshire asserts that the Magistrate prevented Berkshire from obtaining discovery on this issue and then excluded "from the limited hearing the subject of Aris's long delay in moving for contempt." But Berkshire contends that even the "improperly restricted" evidence conclusively demonstrates laches on the part of Aris. Berkshire argues for outright reversal or at least for a remand so that a fair hearing may be held.

The complaints about the proceedings in the District Court are much overdrawn. As to discovery, Berkshire proposed taking depositions on various topics, one of which can arguably be said to have related to laches. But the point was not pressed in any meaningful way. With regard to the hearing, Berkshire's witnesses were permitted to testify about Aris's delay in bringing the contempt motion and the prejudice resulting from this delay. The record shows no refusal to hear proof relevant to laches.

However, we have problems with the findings and conclusions of the District Court. We believe that the court gave too little consideration to Berkshire's notice to Aris in December 1986. The issue of laches, in our view, relates to the 2½ year delay between that time and the contempt motion of June 1989. We believe that the court gave undue weight to the affidavit of Aris's president that he personally learned of the problem only in early 1989. We also question whether, in view of the fact that Berkshire gave Aris a virtual timetable for the production and marketing of the new

glove in the December 1986 letter and in the proceedings before Judge Weinfeld, there was any need for Berkshire to give any further notice to Aris. We also note the argument of Aris to Judge Weinfeld that no decision should be made without reference to the actual marketing of the glove. Presumably this referred to the question of whether actual confusion would arise. But when Aris finally came into court after the Berkshire gloves had been on the market for about two years, Aris produced no evidence of actual confusion. Aris relied on a survey which could have been performed at the time of the proceeding before Judge Weinfeld.

Finally, we believe that *EEOC v. Local 638* is distinguishable on its facts, and does not prevent application of the normal rules regarding laches.

It is obvious that we believe the laches defense to be a strong one. However, it is our judgment that the matter should be remanded to the District Court for further consideration rather than having the issue decided on appeal. One reason for doing this relates to the rather obscure manner in which the laches defense was presented by Berkshire in the District Court. It is true that throughout the District Court proceeding Berkshire complained of Aris's delay in coming to court. However, Berkshire mainly used this as circumstantial evidence that there was no likelihood of confusion, citing *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir.1961), and *Thompson Medical Co. v. Pfizer Inc.*, 753 F.2d 208 (2d Cir.1985). As to the defense of laches as such, Berkshire's presentation, while in no way amounting to a waiver, was sufficiently cloudy as to contribute to a possible misunderstanding on the part of the Magistrate and the Judge.

The order is vacated and the matter is remanded to the District Court for further consideration of the subject of laches. The court is free to exercise its discretion as to whether there should be additional discovery or hearing.